IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| GEORGE HANSARD and STACY HANSARD | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CASE NO. 4:23-cv-41 |
| GABRIEL ZAMORA, sued in his individual capacity only; BILLY ESPINO, sued in his individual capacity only; FREDDIE MARTINEZ, sued in his individual capacity only; ANASTACIO "NACHO" DOMINGUEZ, sued in his individual capacity only; FLO GARCIA, III, sued in his individual capacity only; SANDRA RIVERA, sued in her individual capacity only; URSULA SANCHEZ, sued in her individual capacity only; ANDY RIVERA, sued in his individual capacity only, | § § § § § § § § § § § § § | DEMAND FOR TRIAL BY JURY |
| Defendants. | § | |

## ORIGINAL COMPLAINT

1.     This action seeks money damages because of Defendants' conduct and participation in wrongful deprivation of Plaintiffs' First and Fourteenth Amendment rights. Plaintiffs allege that all of the Defendants acted under color of state law and violated Plaintiffs' rights under the First and Fourteenth Amendments to the Constitution of the United States. Plaintiffs also bring state law claims pursuant to this Court's supplemental jurisdiction.

## JURISDICTION, VENUE, AND CLAIMS FOR RELIEF

2.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1983.   The Court has supplemental jurisdiction over Plaintiffs' claims based on state law, under 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all of the Defendants reside in this district and all or substantially all events giving rise to this action occurred in this district.

## PARTIES

4.      Plaintiffs, George Hansard and Stacy Hansard, are individuals residing in Fort Stockton, Pecos County, Texas.   Plaintiff Stacy Hansard is an employee of the Fort Stockton Independent School District.   All pleas, pleadings, motions, discovery, and other matters related in whole or in part to this case should be served upon Plaintiff's attorney, Randall L. Rouse at the law firm of Lynch, Chappell, and Alsup, P.C., 300 N. Marienfeld, Suite 700, Midland, Texas 79701.

5.      Defendant, Gabriel Zamora, is an individual residing in Fort Stockton, Texas.

6.      Defendant, Billy Espino, is an individual residing in Fort Stockton, Texas.

7.      Defendant, Freddie Martinez is an individual residing in Fort Stockton, Texas.

8.      Defendant, Anastacio "Nacho" Dominguez is an individual residing in Fort Stockton, Texas.

9.      Defendant, Flo Garcia, III is an individual residing in Fort Stockton, Texas.

10.     Defendant, Sandra Rivera, is an individual residing in Fort Stockton, Texas.

11.     Defendant, Ursula Sanchez, is an individual residing in Fort Stockton, Texas.

12.     Defendant, Andy Rivera, is an individual residing in Fort Stockton, Texas.

13.    Each of the Defendants are sued in their individual capacities only, not in their official capacities as board members of the Fort Stockton Independent School District.   Plaintiffs are not suing the Fort Stockton Independent School District because the named Defendants, acting under color of law in their individual capacities, violated a variety of laws including but not limited to the Open Meetings Act, Public Information Act, Nepotism prohibition, Conflict of Interest disclosure laws, Public Information Act, Misuse of Official Information, and Purchasing laws. Defendants have not acted in good faith nor acted within the scope of any appropriate authority, as they knew about and were consulted about the conduct described herein.   The right of free speech on public matters was clearly established and the Defendants clearly knew that retaliation of Plaintiffs' free speech and constitutional rights is and was unlawful.   Any reasonable person or official would know that it was unconstitutional to retaliate against the Plaintiffs based on the facts of this case as asserted below.   The Defendants were also the final decision makers for the matters described below.

### FACTS

14.    Plaintiffs are concerned citizens of Fort Stockton, Texas, who are suffering public reprisal and retaliation for exposing what Plaintiffs believed to be public corruption and violations of the Texas Open Meeting Act by the Defendants.   On information and belief, Plaintiffs allege that the individual Defendants knowingly and intentionally allowed $134,000 of school funds to be used to purchase land owned by Defendant Andy Rivera, which was appraised at the time of sale at less than $1,000.00 per lot.   On information and belief Plaintiffs allege that State protocols and laws to purchase the subject land at fair market value were not followed.   Plaintiffs believed that the Texas Education Code required competitive bidding or safeguards for the purchase of real

property that provided the best value for the district.

15.    Plaintiffs further allege on information and belief that Defendants conducted behind closed doors executive sessions to bypass state procurement laws to misappropriate school funds to one individual, Defendant Andy Rivera.

16.    Plaintiffs allege on information and belief that Defendant Andy Rivera sold the property he owned to the Fort Stockton Independent School District ("Fort Stockton ISD") while providing no public notice for this purchase or his conflict of interest as an owner of A&B Investments, LLC and that Defendant Andy Rivera voted along with the other Defendants that Fort Stockton ISD should purchase the land.   Defendant Andy Rivera also participated in executive sessions to discuss the real property purchase. Defendants had no legal basis to hold any executive sessions, because Defendants were not negotiating with a "third party."

17.    Defendants had fiduciary duties to make sure that the School District followed Texas State Procurement laws.

18.    On August 30, 2022, Plaintiff George Hansard served the Fort Stockton ISD with a Texas Public Information Act Request, asking for, among other things, real estate documents provided to the District's attorneys.   On September 12, 2022, the District's attorneys asked for clarification, which was provided by Mr. Hansard.   On September 30, 2022, the District attorneys responded that the charges for the records would total $216.00 and, therefore, a deposit of $108.00 was requested for the District to begin working on the request.   The requested payment was made to the District.   However, to this date, the District has failed to comply with Plaintiffs' proper request.

19.    On June 30, 2022, and October 24, 2022, both Plaintiffs attended meetings held by

--------------------------------------------------------------------------------------------------------------------------
**Complaint**                                                                                                    **Page 4**

the Fort Stockton ISD.  During those meetings, Plaintiffs legally requested time to address the Board pursuant to the Constitutional First and Fourteenth Amendment rights.

20.    The subjects addressed by Plaintiffs at the Board meetings included, but are not limited to, the following subjects:

(a)    Whether it was responsible that the Board purchased raw land from school Board member Andy Rivera, who had not filed disclosures required by Texas law;

(b)    Whether it is responsible that the Board held closed meetings with the Board member present which it has a negotiation with;

(c)    Whether it is responsible for the Board to purchase raw land from another Board member worth less than $1,000 a lot for $134,000.00 with no legal access, no utilities, and no appraisals to establish value;

(d)    Whether it is responsible that the Board refused to allow public information to be provided to citizens, even after the school's attorney said it would be delivered;

(e)    Whether it is responsible that the Board failed to provide all information requested by the school's attorneys, even after it authorized a review of the Rivera real estate purchase and citizen concerns, especially after the school's attorney said they had the same concerns;

(f)    Whether it is responsible that the Board allow the collection of voter registration cards of its staff and allowed administrators to name staff who had and had not voted, and call out those people in School District-owned email systems;

(g)    Whether it was responsible that the Board allow administrators to violate Texas electioneering laws;

(h)    Whether it is responsible that the Board allow the Superintendent to threaten and

intimidate students concerning the spending in bond elections at a mandatory school assembly by stating that if the bond doesn't pass, you'll have to ride to activities in "yellow dog" buses and they will not have the best security.

21.     The first time the bond issue was on the ballot, it failed.   The bond issue was again on the ballot for the November 8, 2022 elections.   The bond issue passed.   Plaintiffs were against approval of the bond initiative because of the amount of money requested - $110,000,000.00 – which was to be used to upgrade schools when the estimated costs of improvements were calculated to be $56,360,308.00.   The bond initiative asked for double the projected costs.

22.     Because of the Plaintiffs' exercise of their First and Fourteenth Amendment rights, Defendants, acting under color of state law began to retaliate against Plaintiffs.   On November 8, 2022, Defendant Gabriel Zamora created an email, with the approval, consent and/or ratification by the Defendants, Billy Espino, Freddie Martinez, Anastacio "Nacho" Dominguez, Flo Garcia, III, Sandra Rivera, Ursula Sanchez and Andy Rivera and caused it to be published and sent.   Defendants were aware of the retaliating and unconstitutional actions, and knew and were consulted about and participated with the email. Defendants' November 8, 2022 email (a copy of which is attached hereto as **Exhibit A**) was sent to the Board members of Plaintiff George Hansard's employer – the Pecos County State Bank, was sent to the Pecos County Judge, was sent to the Fort Stockton City Manager, and was sent the Pecos County Sheriff, the Fort Stockton Police Chief, and to the Pecos County D.P.S. Seargeant, with the intent to harm Plaintiffs by public hatred, contempt or ridicule, financial injury, and to impeach Plaintiffs' honesty, integrity, virtue or reputation.   Defendants knew that their statements were false and that their statements would inflame the recipients.   The email further states that

---
**Complaint**                                                                                                                           **Page 6**

Defendant Zamora would personally contact the Attorney General and provide him with a copy of this email and attachments.

23.    It is important to note the timing of the Defendants' email, which they admit was purposely sent on the election day the bond was being voted on.

24.    The defamatory statements contained in **Exhibit A** are underlined below and Plaintiffs' responses to the statements:

a.    <u>It is common knowledge that he [George Hansard] has used people as puppets and lackeys to carry out his agenda.</u>   This statement is patently false as Plaintiff does not use people as puppets and lackeys, and just as importantly, he has no agenda.   The truth is that Plaintiff George Hansard, along with his wife, Stacy Hansard, attended some Fort Stockton ISD Board meetings, as an individual and concerned citizen, and expressed concern that some of the actions of the board and its members were improper or illegal.   Plaintiffs were well within their Constitutional First and Fourteenth Amendment rights as concerned citizens and members of the Fort Stockton community.

b.    <u>He [George Hansard] has used his financial means to intimidate and abuse people.</u>   This statement is false as Plaintiff does not intimidate or abuse people either personally or professionally.   This statement is meant to inflame the Board of Directors of Mr. Hansard's employer, The Pecos County State Bank, to have him removed from his position as President, and therefore to cause Plaintiffs substantial financial injury.   Additionally, the Defendants knew or should have known that these statements were false as the email itself says that the information was garnered from "stories" that were shared – rumors and innuendo

---

– and Defendants have no firsthand knowledge of any such actions by Plaintiff.

c.      Stories of spousal abuse and secret back door deals are whispered about.   These statements are false and inflammatory.   Again, Defendants are repeating statements that they admit are "whispered about" – rumors and innuendo – and Defendants had no firsthand knowledge of any back door deals.   Again, this statement is meant to inflame the Board of Directors of Mr. Hansard's employer, The Pecos County State Bank, to have him removed from his position as President and therefore cause Plaintiffs substantial financial injury. Further, the allegations of spousal abuse are unfounded and false.   Again, rumors and innuendo the Defendants allege as fact.

d.      Perhaps someone should publicly request information about an ISD employee [Stacy Hansard] who was allegedly abused and then had to be housed at the district's Spanish Trail Lodge for days in May,   This statement encourages action by the email's recipients to prepare a Freedom of Information Act request to obtain records on alleged spousal abuse by Plaintiff against his wife and co-Plaintiff, Stacy Hansard, and to invade Plaintiffs' Constitutional rights to privacy.   Plaintiffs have not been involved in any domestic abuse and such allegations are unfounded and false.

e.      I believe Hansard's vicious hatred toward the FSISD School Board and myself has reached dangerous levels.   In my opinion, his rage makes him a danger to members of my school board, to other members of our community, to his family, and even to himself … I believe it is important for law enforcement officials to act quickly in determining the threat level.   First, Mr. Hansard has no hatred toward the FSISD School Board or any of the

--------------------------------------------------------------------------------------------------------------------------
**Complaint**                                                                                                 **Page 8**

individual members of the Board.   Plaintiffs admit to frustration with Defendants' tactics to silence Plaintiffs' concerns about Defendants' questionable actions and, obviously, with their decision to retaliate against, to harm and defame Plaintiffs with the November 8, 2022 email. There is no rage that would make Mr. Hansard a danger to any member of the Fort Stockton ISD, members of the community at large, to his family or to himself.   These statements are false and meant to inflame the recipients and goad them into acting against Plaintiffs.   The email also encourages the law enforcement officials to whom the email was copied by threatening Plaintiffs with criminal repercussions.

f.      … this is just a twisted attempt to earn a golden parachute from the bank before he retires.   And retire he should!   His conduct is unbecoming of a public figure and community leader.   These statements are defamatory on their face.   Plaintiff is a dedicated and effective President of The Pecos County State Bank and has held that position for almost 20 years.   Plaintiff has always acted with integrity and professionalism and has earned his position and continues to act professionally and in the Bank's best interests every day. Further, Plaintiffs' actions pertaining to the Fort Stockton ISD and the individual Board members have been well within Plaintiffs' Constitutional First and Fourteenth Amendment rights as concerned citizens to question their actions and decisions.   George Hansard's actions have nothing to do with his position with the Bank.   It is the Defendants who attempt to make this a vendetta by their defamatory email.

g.      Due to the conflict of interest and Mr. Hansard's actions, I plan to recommend that the district change depository banks as soon as legally possible.   Defendants are using

---
**Complaint**                                                                                                        **Page 9**

their power to retaliate against the Plaintiffs and attempt to sever a financially profitable and mutually beneficial relationship with The Pecos County State Bank and the Fort Stockton ISD. This statement is also meant to inflame the Board of Directors of Mr. Hansard's employer, The Pecos County State Bank, in a thinly veiled attempt to have him removed from his position as President and therefore cause Plaintiffs substantial financial injury.   In fact, that is exactly what the Defendants did by causing the Fort Stockton ISD to change depository banks, away from Pecos County State Bank despite being its best bid of the bidders.

25.     Determination of whether a statement is protected as opinion, fair comment, or rhetorical hyperbole is generally a question of law for the Court.   The statements and conduct herein are neither opinion, fair comment, or rhetorical hyperbole, but are vicious and deceitful and stated for the sole purpose of harming Plaintiffs and was done with actual malice.

26.     Defendants made the statements contained in the November 8, 2022 email with a high degree of awareness that the statements were false, to an extent that Defendants in fact had serious doubts as to the truth of the statements.   The email itself states that the Defendants relied on stories and rumors and had no firsthand knowledge of any of the alleged wrongdoings by Plaintiffs.

27.     Defendants, who are sued in their individual capacities only as they personally retaliated and attacked Plaintiffs with the malicious intent to cause them injury.

**CAUSES OF ACTION**

**A.    Violation of 42 U.S.C. § 1983 – Violation of the First and Fourteenth Amendments**

28.    Plaintiffs allege that the Defendants violated their Constitutional First and Fourteenth Amendment right to freedom of speech and freedom to petition the government for redress of grievances  Because of Plaintiffs' exercise of their constitutional rights, Defendants instituted a campaign of retaliation, which included the sending and publication of the email on November 8, 2022 to law enforcement, and to the Board of Directors of the Pecos County State Bank.   The retaliation included Plaintiff Stacy Hansard's demotion from special education aide to crossing guard supervisor and cafeteria worker.   The retaliation was in response to Plaintiffs exercising their right to free speech to oppose public school board matters and improper and illegal actions by the individual Board members.

29.    By joining with her husband and in agreement with his presentations at the school Board meetings, Stacy Hansard was exercising First and Fourteenth Amendment rights.   Plaintiff Stacy Hansard was a special needs aide employed through the Fort Stockton ISD.   As final decision makers, Defendants retaliated against her for joining her husband in exercising First and Fourteenth Amendment rights as she was demoted to the position of cafeteria duty and cross walk duty, and removed from as special needs aide – her love and passion.

30.    Section 1983 Elements and Liability Standards:

(a)    "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or cause to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress."

(b)    The Plaintiffs state that First Amendment and Fourteenth Amendment constitutional rights were violated, and that the violations were caused by the Defendants acting under color of law.    *West v. Atkins*, 487 U.S. 4242 (1988).

(c)    Section 1983 is a remedial statute, and Plaintiffs have identified the constitutional rights that were violated by retaliation by the Defendants for the Plaintiffs' exercising their views and rights.    This intentional conduct by the Defendants is actionable under Section 1983.

(d)    The Defendants are all liable even if he or she did not specifically author the email or commit any specific act that injured the Plaintiffs, because said Defendants were present and did not stop but agreed with the conduct.    The Defendants were the final decision makers and all understood they were violating Plaintiffs' rights.    Defendants refused to intervene to prevent other Defendants from violating the Plaintiffs' constitutional rights and as such are liable under Section 1983.    The Defendants knew about the unlawful conduct, had a realistic opportunity to intervene and prevent harm from occurring, but instead participated in it.

31.    The unconstitutional acts of the Defendants described herein demand remediation and prospective injunctive relief.

32.    Defendants agreed with one another to violate Plaintiffs' civil rights in violation of Section 1983, as detailed in the preceding counts.

33.    Specifically, Defendants agreed to, and did, violate Plaintiffs' First and Fourteenth Amendment rights.

34. Defendants knew the unlawful purpose of the email and joined in it willfully, that is, with the intent to further the unlawful purpose.

35. Specifically, Defendant Gabriel Zamora and Defendants, Billy Espino, Freddie Martinez, Anastacio "Nacho" Dominguez, Flo Garcia, III, Sandra Rivera, Ursula Sanchez and Andy Rivera, created and/or caused an email to be created and caused it to be published to the Board members of Plaintiff George Hansard's employer – the Pecos County State Bank, the Pecos County Judge, the Fort Stockton City Manager, the Pecos County Sheriff, the Fort Stockton Police Chief, and to the Pecos County D.P.S. Seargeant, retaliating against Plaintiffs for exercising their First and Fourteenth Amendment rights and Texas Constitution Article 1 Section 8 rights.   The email further states that Defendant Zamora would personally contact the Attorney General and provide him with a copy of this email and attachments.

36. While Plaintiff Stacy Hansard was an employee of the school district, Plaintiffs were ordinary citizens engaged in a constitutionally protected activity.  Defendants' actions caused Plaintiffs to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity and the Defendants' adverse actions were substantially motivated against the Plaintiffs' exercise of that constitutionally protected conduct.

**B.      Defamation, Slander, Slander *per se, Libel, Libel per se***

37. Plaintiff hereby incorporates and re-alleges the matters set forth in the preceding paragraphs as if fully set forth herein.   On November 8, 2022, the Defendants sent or caused to be sent on their behalf the defamatory email, attached as **Exhibit A.**

38. Defamatory statements by Defendants were made concerning the Plaintiffs in said email.   In summary, the email accused the Plaintiffs of having a vendetta against the Defendants

---

and using people as puppets and lackeys to carry out Plaintiffs' agenda. The email accuses Plaintiff George Hansard of using his position at The Pecos County State Bank and his financial means to intimidate and abuse people. The email accuses Plaintiff George Hansard of spousal abuse and secret back door deals.

39.     The November 8, 2022, email goes on to encourage recipients to publicly request information on Plaintiff Stacy Hansard's alleged abuse and housing at the District's Spanish Trail Lodge for days in May.

40.     The November 8, 2022, email further states that Plaintiff George Hansard is a danger to Defendants and other members of the community, to his family, and even to himself and that "it is important for law enforcement officials to act quickly in determining the threat level."

41.     The November 8, 2022, goes on to defame Plaintiff George Hansard in his employment with The Pecos County State Bank, stating that the Plaintiff George Hansard's conduct is unbecoming of a public figure and community leader – and is copied to the actual Board members of the Bank with Defendants' defamatory email.

42.     These defamatory statements constitute slander, slander per se, libel and libel per se, in that they injure the reputation of the Plaintiffs and expose the Plaintiffs to public hatred, contempt, or ridicule in connection with Plaintiffs' professions. Furthermore, the statements accuse Plaintiff George Hansard of criminal conduct.

43.     The defamatory statements were entirely false and were published when the email was sent to the Board members of Plaintiff George Hansard's employer, The Pecos County State Bank, the Pecos County judge, the City Manager, the Fort Stockton ISD Board members, and individuals in law enforcement. The email further states that Defendant Zamora would

personally contact the Attorney General and provide him with a copy of this email and attachments.

44.    The Defendant Gabriel Zamora was the author of the November 8, 2022 email, but it was written with knowledge and approval of the other Defendants, and said Defendants acted with actual malice in publishing and distributing the email in that they knew the defamatory statements were false.

45.    As a direct and proximate result of the Defendants' false and defamatory statements, the Plaintiffs have endured shame, embarrassment, humiliation, and mental pain and anguish.   Additionally, Plaintiffs have and will in the future be seriously injured in their business reputations, good names, standing in the community and will be exposed to the hatred, contempt, and ridicule of the public in general, as well as of their business associates, clients, friends, and relatives.   Consequently, the Plaintiffs seek actual damages in a sum within the jurisdictional limits of this Court.

46.    On January 26, 2023, counsel for Plaintiffs sent each of the individual Defendants a demand for retraction, requesting that the Defendants apologize, retract, and correct the statements contained in the email by sending the retraction to all people to whom the original email was distributed.   Copies of these letters are attached hereto collectively as **Exhibit B**.

47.    On February 14, 2023, counsel for the Defendants and Fort Stockton  ISD responded to Plaintiffs' demand for retraction, stating that they have no plans to apologize, retract, or correct any of the opinions expressed or questions posed by the email.   A copy of attorney Heather R. Rutland's letter is attached hereto as **Exhibit C**.

48.    Plaintiffs gave Defendants the opportunity to retract and apologize for the malicious content of their November 8, 2022 email but instead the Defendants doubled down on their statements, thereby making this suit the Plaintiffs' only form of remedy.

49.    On February 15, 2023, Plaintiffs' counsel responded to Ms. Rutland's letter stating that Plaintiffs were pursuing the Defendants in their individual capacities, not in their capacities as members of the Fort Stockton ISD Board unless by counsel's response, counsel was admitting that it is a policy or custom of the school district to retaliate when an employee or a concerned citizen exercise First and Fourteenth Amendment rights.   A copy of Mr. Rouse's email is attached hereto as **Exhibit D.**

50.    Defendants' actions have caused injury to Plaintiffs' reputation and mental anguish in the past and, in reasonable probability, injury will occur in the future, thereby entitling Plaintiffs to an award of general damages and special damages.

51.    The Plaintiffs are entitled to exemplary damages from the Defendants because Defendants acted with the malice required to support an award of exemplary damages. Defendants acted with a specific intent to cause injury to the Plaintiffs.

**C.    Intentional Infliction of Emotional Distress.**

52.    Defendants' conduct in regard to the series of events described within this Petition was reckless and intentional.   To prove an action for intentional infliction of emotional distress, the Plaintiffs must establish that the Defendants' conduct was intentional or reckless.   *Kroger Tex, L.P. v. Suberu,* 216 S.W.3rd 788, 796 (Tex. 2006).   The Defendants' conduct is intentional if the Defendants either desire to cause the consequences of its act or believe the consequences are substantially certain to result from their act.   *Washington v. Knight*, 887 S.W. 2nd 211, 216

(Tex.App. – Texarkana 1994, writ denied); see *Toles v. Toles*, 45 S.W.3rd 252,259 (Tex. App. – Dallas 2001, pet. denied); *Behringer v. Behringer*, 884 S.W.2nd 839, 842 (Tex.App. – Fort Worth 1994, writ denied).   The consequences the Defendants intended to cause must be emotional distress, not physical injury or some other tortious injury.  *See*, *Standard Fruit*, 985 S.W.2nd at 67-68; *Hairston v. SMU*, 441 S.W.3rd 327 332-33 (Tex App. – Dallas, pet. denied.   Intent can be inferred from the circumstances and the Defendants' conduct, not only from the Defendants' overt expressions.   *Toles* at 260; *Behringer* at 842.

53.     Defendants' conduct was extreme and outrageous.   To prove an action for intentional infliction of emotional distress, the Plaintiffs must establish the Defendants' conduct was extreme and outrageous.  *Morgan v. Anthony*, 27 S.W.3rd 928, 929 (Tex. 2000).   Thus, the judge must decide whether the Defendants' conduct would be regarded as extreme and outrageous by reasonable people.  *Tiller v. McLure*, 121 S.W.3rd 709, 713 (Tex. 2003).   The Plaintiffs must prove the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   *Hersh v. Tatum*, 526 S.W.3rd 462, 458 (Tex. 2017).   Generally, conduct is considered extreme and outrageous when a recitation of the facts to an average member of the community would lead the person to exclaim "Outrageous!"  *A.H. Belo Corp. v. Corcoran*, 52 S.W.3rd 375, 383 (Tex App – Houston [1st Dist] 2001, pet. denied).   In determining whether conduct is extreme and outrageous, courts often consider the Defendant's course of conduct, the context of the parties' relationship, whether the Defendant knew the Plaintiffs were particularly susceptible to emotional distress, and the Defendant's motive or intent.

54.    Defendants' conduct proximately caused severe emotional distress to Plaintiffs. Severe emotional distress is emotional distress that no reasonable person could expect to endure without undergoing unreasonable suffering.    *GTE Sw.*, 998 S.W.2nd at 618; *Cunningham v. Waymire*, 612 S.W.3rd 47, 65 (Tex.App. – Houston [14th Dist.] 2019, no pet.).

55.    Plaintiffs' injuries resulted from Defendants' malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

**D.    Participatory Liability – Conspiracy/State Law and § 1983**

56.    As to which Defendant did exactly what, that specific information is uniquely in the possession of the Defendants, for which discovery is designed to uncover.    Plaintiffs cannot know what happened in executive sessions or behind closed doors, other than the decisions were made and the email was sent by Zamora and copied to each other Defendant.    Plaintiffs also gave each Defendant an opportunity to retract but all Defendants, through the same counsel, said no retraction which is further evidence that all Defendants committed all acts and conduct described herein.

57.    Defendants, in combination with each other, agreed to commit each of the acts described in this Petition. The presumed aim was to retaliate against Plaintiffs for asserting their constitutional rights as concerned citizens and in the case of Stacy Hansard, also as an employee. Plaintiffs raised matters of public concern, corruption as well as challenging bond issues which is their constitutional right to do.

58.    Defendants, Billy Espino, Freddie Martinez, Anastacio "Nacho" Dominguez, Flo Garcia, III, Sandra Rivera, Ursula Sanchez and Andy Rivera, knew the unlawful purpose of the email and joined in it willfully, that is, with the intent to further the unlawful purpose.

59.     Defendant Gabriel Zamora and Defendants, Billy Espino, Freddie Martinez, Anastacio "Nacho" Dominguez, Flo Garcia, III, Sandra Rivera, Ursula Sanchez and Andy Rivera, during the existence of the conspiracy knowingly committed at least one of the overt acts described in the counts above, in order to accomplish some object or purpose of the conspiracy.

60.     Defendants acted with the intent to harm Plaintiffs and with actual malice.


**Damage and Injury to Plaintiffs**

61.     By retaliating against the Plaintiffs for their exercise of free speech, the Defendants have directly and proximately caused Plaintiffs severe harm and deprived Plaintiffs of their protected rights under the United States Constitution and federal and state law.

62.     But for Defendants' conduct and as a proximate result of Defendants' actions, Plaintiffs have suffered reputational harm, public humiliation, distress, pain, and suffering for which they are entitled to compensatory damages, including damages for mental and emotional distress.

63.     Additionally, Defendants acted with malice and with intentional disregard for Plaintiffs' constitutional rights for which Plaintiffs are entitled to punitive damages.  Such damages would assist in deterring and preventing similar conduct in the future.

64.     But for and as a result of Defendants' conduct, Plaintiffs seek the following damages, which in the aggregate exceed $1,000,000.00:

(a)     Actual damages;

(b)     Compensatory damages;

(c)     Past and future mental anguish;

(d)     Past and future reputational damages;

(e)     Past and future lost wages;

(f)     Past and future loss of earning capacity;

(g)     Plaintiffs have retained the services of the undersigned counsel, and claim entitled to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1983 and 1988;

(h)     Interest;

(i)     Court costs;

(j)     All other damages, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

65.     Punitive damages may be awarded in Section 1983 cases when the Defendants' conduct involves reckless or callous indifference to the federally protected rights of others, as well as state claims.

66.     Punitive damage should be awarded to deter future egregious conduct in violation of constitutional rights, as well as state claims.

## ALTERNATIVE RELIEF

67.     Plaintiffs seek as alternative equitable relief, a prospective injunction enjoining the Defendants from further unconstitutional conduct.

## JURY DEMAND

68.     Plaintiffs hereby request a jury trial; the appropriate fee will be paid at the time of filing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon trial of this cause, the Court grant Plaintiffs judgment against Defendants for compensatory and punitive damages stated herein, as well as pre- and post-judgment interest thereon, costs, and Plaintiffs' reasonable and necessary attorney's fees and costs under 42 U.S.C. § 1988.   Plaintiffs further pray for all relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP**
A Professional Corporation
300 North Marienfeld, Suite 700
Midland, Texas 79701
Telephone No. (432) 683-3351
Telecopier No. (432) 683-2587

By:    /s/ *Randall L. Rouse*
Randall L. Rouse
State Bar No. 24032452
Rrouse@lcalawfirm.com

**ATTORNEY FOR PLAINTIFFS**