## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **GEORGE HANSARD, and STACY HANSARD,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GABRIEL ZAMORA, BILLY ESPINO,  FREDDIE MARTINEZ, ANASTACIO "NACHO" DOMINGUEZ, FLO GARCIA, III, SANDRA RIVERA, URSULA SANCHEZ, and ANDY RIVERA, all sued in their individual capacity only,** | § | **P:23-CV-00041-DC** |
| *Defendants.* | § | |

## <u>ORDER</u>

The Court now considers the report and recommendation[1] of United States Magistrate Judge David Fannin concerning Defendants Gabriel Zamora, Billy Espino, Freddie Martinez, Anastacio "Nacho" Dominguez, Flo Garcia, III, Sandra Rivera, Ursula Sanchez, and Andy Rivera's motion to dismiss under Rules 12(b)(1) and 12(b)(6).[2] In his report and recommendation, Magistrate Judge Fannin recommends that the Court deny the motion in part and grant the motion in part.[3] All parties timely filed their objections and responses.[4]

---

[1] ECF No. 17.
[2] ECF No. 9.
[3] ECF No. 17 at 37–38.
[4] ECF Nos. 18, 19, 21, 23. The Hansards also filed a reply brief without first seeking leave to do so. ECF No. 24.

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[5] Because the parties timely objected to a portion of the report and recommendation, the Court reviews that portion of the report and recommendation *de novo*. Having done so, the Court overrules the parties' objections and adopts the report and recommendation as its own order.[6]

## BACKGROUND

In early summer 2022, George and Stacy Hansard became concerned about a $110 million school bond placed on the ballot for the May 2022 election cycle.[7] The Hansards understood that no public funds could be used to advocate for the bond but learned that the Fort Stockton Independent School Board had done so anyway. They expressed these concerns to the bank underwriting the funds who then reached out to the School Board with a demand for all advertisements used in the election. For one reason or another, the bond did not pass during the May 2022 election.

When the bond reappeared on the November election ballot, the Hansards sent the Texas Attorney General's office copies of the advertisements they believed had been paid for with public funds. They also appeared at two open meetings and began expressing their many concerns to the School Board. The Hansards seemingly had quite a few bones to pick, opining that the School Board had, in a closed-door meeting, approved a purchase of land from one of its board members and that the board member had voted along with the other

---

[5] 28 U.S.C. § 636(b)(1)(C).

[6] ECF No. 17.

[7] ECF No. 7. The background section that follows reflects the allegations present in the Hansard's pleadings, taken as true, and are not findings of fact.

School Board members to approve the purchase despite his conflict of interest. They also wondered aloud whether the School Board could permissibly continue to withhold public information about that purchase from both the general population and the school attorney, who they believed shared their concerns. And they expressed their concern that the School Board had acted irresponsibly by allowing the collection of voter registration cards of its staff and allowed administrators to name those staff members who had voted and those who had not in a district-owned email system. The Hansards also described a scenario where the School Board allowed Superintendent Dr. Gabriel Zamora "to threaten and intimidate students concerning spending in bond elections at a mandatory school assembly by stating that if the bond doesn't pass, you'll have to ride to activities in 'yellow dog' buses and they will not have the best security."[8] And when asked why the $110 million bond was nearly double the estimated cost of the proposed improvements, the School Board responded that they did not trust the contractor that provided the estimate. The Hansards then filed a Texas Public Information Act Request aimed at the real estate purchase, which was served on Fort Stockton ISD and, according to the Hansards, has not yet been complied with.

After these meetings, Defendants began to respond to the Hansards' actions. Before the November election, Defendant Dr. Gabriel Zamora posted a message on his TikTok account showing a picture of the Fort Stockton school with the caption "Why Mr. Hazzard Why?" and a statement "Who invited the Grinch?".[9] Defendant School Board members Andy Rivera and Anastacio "Nacho" Dominguez shared or liked the message. Then, on the day of the election, published just one hour before its close, Dr. Zamora sent an email to

---

[8] ECF No. 7 at 5.
[9] The Hansards understand that Dr. Zamora's TikTok referred to Mr. Hansard. *Id.* at 7.

George Hansard's employer—the Pecos County State Bank, several of the bank's major clients, the Pecos County Judge, the Fort Stockton City Manager, the Pecos County Sheriff, the Fort Stockton Police Chief, the Pecos County D.P.S. Seargeant, and the School Board. In that email, Dr. Zamora accused George Hansard of spousal abuse, financial intimidation, and back-door dealing. Dr. Zamora also suggested that a Freedom of Information Act request would reveal records of the spousal abuse; that George Hansard's rage made him a danger to members of the school board, the community, his family, and himself; and that George Hansard's conduct toward the School Board reflected an attempt to secure a healthy retirement package from the bank. He also recommended that the bank cut its ties with George Hansard and announced that he planned to recommend that Fort Stockon ISD cease using the bank as its depository going forward. Finally, Dr. Zamora stated that he would personally contact the Texas Attorney General and provide him a copy of the email and its attachments.

Not yet stated, George Hansard is the President of the Pecos County State Bank. And in May 2023, he submitted the bank's bid to remain Fort Stockton ISD's depository. Despite submitting the best bid, the School Board voted to relocate the depository to another bank with less favorable terms. The School Board also refused to pay a contractor after learning the contractor factored the invoices with Pecos County State Bank—ultimately the bank had to write off over $70,000 related to those invoices. And when the 2023-2024 school year began, Stacy Hansard, who worked as an aide for students with special needs in the Fort Stockton ISD, was transferred almost completely away from her role of fifteen years to permanent crossing guard and cafeteria duty. Her group of children with special

needs was reduced to one, prompting both parents of the other children and fellow teachers to ask her why she had been reassigned. The Hansards have demanded that Defendants issue a retraction, apology, and correction of the email statements—none have issued. Instead, counsel for Defendants and Fort Stockton ISD responded that they had no plans to do anything of the sort.

The Hansards filed this suit in October 2023. On December 13, 2023, the Hansards filed their First Amended Complaint,[10] bringing First Amendment retaliation, defamation, slander, slander per se, and libel per se claims under 42 U.S.C. § 1983, as well as federal conspiracy. They also bring three state-law claims for defamation, intentional infliction of emotional distress, and civil conspiracy.[11] The parties fully briefed Defendants' motion to dismiss.[12] The Magistrate Judge has issued his report and recommendation.[13] Both parties have filed objections.[14] The Court takes up these objections on de novo review.

## DISCUSSION AND CONCLUSION

The Court first overrules Defendants' objection. Defendant Dr. Zamora and the School Board Defendants pose a sole objection, aimed at the federal conspiracy claim. Defendants argue that the intracorporate-conspiracy doctrine bars the Hansards from bringing a federal conspiracy claim based on the actions of agents and employees of a single entity.[15] That understanding, emanating in corporate law, has been applied in this Circuit to

---

[10] ECF No. 7.

[11] *Id.*

[12] ECF Nos. 9, 11, 16.

[13] ECF No. 17.

[14] ECF Nos 18, 19.

[15] ECF No. 19 at 3 (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652, 652–53 (5th Cir. 1994)) (It is a long-standing rule in this circuit that a "corporation cannot conspire with itself any more

actions of school boards[16] even when the defendants are sued in their individual capacities.[17] The Court observes, however, that Defendants did not raise this doctrine in their motion to dismiss briefing.[18] Defendants' argument is therefore waived because it has been raised for the first time in Defendants' objections to the report and recommendation.[19]

Turning to the Hansard's objections, the Court overrules each of them at once given they all spring from whether the Magistrate Judge applied a heightened pleading standard when looking at the effect of the pleadings aimed at School Board's conduct related to Dr. Zamora's email. Each objection highlights the same misunderstanding of how qualified immunity plays out at the motion to dismiss stage, particularly when a group is alleged to have acted in unison. Where the actions of individuals within a group were previously discoverable, Courts may no longer defer ruling on a defendant's assertion of qualified immunity to allow for such limited discovery.[20] Rather, a district court must grant a motion to dismiss when the pleadings are insufficient to overcome qualified immunity.[21] Where the pleadings are sufficient, limited discovery may proceed upon motion after the district court

---

than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.").

[16] *See id.*

[17] *See e.g. Bright v. City of Killeen, Texas*, No. 6:20-CV-431-ADA-JCM, 2021 WL 4431114, at *5 (W.D. Tex. May 11, 2021), *report and recommendation adopted sub nom. Bright v. City of Killeen*, No. W-20-CV-00431-ADA, 2021 WL 4427486 (W.D. Tex. Sept. 27, 2021).

[18] *See* ECF No. 10.

[19] *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)) (holding that the objecting party forfeited an argument "by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *Mugg v. Hutmacher*, No. 1:18-CV-732-RP, 2019 WL 3536049, at *1 (W.D. Tex. Aug. 2, 2019).

[20] *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023).

[21] *Id.*

denies dismissal.[22] The Hansards claim they understand this shift in tide,[23] yet their briefing bristles against it in both theme and substance.

Here, the Magistrate Judge found George Hansard's § 1983 claim against the School Board Defendants did not pass muster because "a §1983 plaintiff who alleges mistreatment at the hands of a group [must] describe with particularity the actions taken by each of them individually."[24] Along a similar vein, Stacy Hansard's § 1983 claim likewise fell because she failed to allege any personal involvement or conduct on behalf of any defendant resulting in her reassignment.[25] While the Hansards object that these findings apply a heightened pleading standard, this Court sees no such fault by the Magistrate Judge. Indeed, the Magistrate Judge disagreed that allegations that Dr. Zamora created the email with "the approval, consent, and/or ratification" of the School Board defendants nudge the Hansards' pleadings into the realm of plausibility. And this pleading defect infects more than just the § 1983 claims. At the end of the day, the Hansards offer naked assertions here.[26] The only factual enhancements available—that the School Board was copied on the email, and Defendants' counsel rejected the Hansards' request to retract or correct statements in that

---

[22] *Id.*
[23] ECF No. 18 at 11–14.
[24] ECF No. 17 at 15 (citing *Navejas v. Jaso*, 700 F. Supp. 3d 532, 537 (W.D. Tex. 2023) (quoting *Cope v. Cogdill*, 3 F.4th 198, 208 n.6 (5th Cir. 2017)).
[25] ECF No. 17 at 19 (citing *King v. Louisiana*, 294 F. App'x 77, 83 (5th Cir. 2008) ("For there to be liability under § 1983, a defendant must have been personally involved in the conduct causing the deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional right sought to be redressed.").
[26] *See Lewis v. Inocencio*, No. 23-20098, 2024 WL 229274, at *3 (5th Cir. Jan. 22, 2024).

email[27]—support viewing the pleadings with the understanding that the School Board and Dr. Zamora acted as a collective.[28] The same is true even though Dr. Zamora's email at times refers to George Hansard's actions toward the School Board and that the School Board is far from perfect.[29] Such a request is in error. When qualified immunity has been raised, Courts are required to examine each defendant's actions independently to determine whether he is entitled to qualified immunity.[30] A district court errs by considering the actions of a group together.[31] In a similar vein, the Magistrate Judge did not apply a heightened standard by mere reference to cases that addressed qualified immunity at summary judgment.[32] At best, these assertions are sufficient to maintain the § 1983 conspiracy claim upon which the Magistrate Judge recommended denying dismissal. At bottom, the Hansards seek direct liability and conspiracy, but cannot eat their cake and have it too, at least in this scenario.

---

[27] Plaintiffs also claim that "Defendants were aware of the retaliating and unconstitutional actions and knew and were consulted about and participated with the email." ECF No. 7 at 8.

[28] *See* ECF No. 18 at 11 ("Instead, [the Hansards] have pled facts showing that Defendants acted collectively against both George Hansard and Stacy Hansard in retaliation for their exercising certain rights, which entitles [the Hansards] to relief and the 'opportunity' for discovery.").

[29] *See* ECF No. 18 a 15–16 (citing ECF No. 7-1).

[30] *Lopez v. Ramirez*, No. 23-40461, 2024 WL 1168048, at *1 (5th Cir. Mar. 15, 2024) ("As we noted in our prior opinion, 'to overcome [an] immunity [defense],' a plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged *and* that defeat [the] immunity defense with equal specificity.' Relatedly, in analyzing a qualified immunity defense, courts must 'examine each officer's actions independently to determine whether he is entitled to qualified immunity.' Accordingly, a district court errs by failing to consider each officer's assertion of qualified immunity individually and by instead considering the officers' actions together.").

[31] *Id.*

[32] *See* ECF No. 18 at 8–9.

CONCLUSION

While typically a finding of qualified immunity requires dismissal of those related claims with prejudice,[33] the pleading failures here are coterminous with other claims that would otherwise be subject to dismissal without prejudice. The Hansards may, at their election, move for leave to file an amended complaint should they understand that forthcoming amendment would not prove futile.

Accordingly, the Court **OVERRULES** the parties' objections and **ORDERS** that the report and recommendation of United States Magistrate Judge David Fannin is **ADOPTED**.[34]

Defendants' Motion to Dismiss for lack of standing be **DENIED**.[35]

Defendants' Motion to Dismiss for Qualified Immunity from George Hansard's § 1983 claim be **DENIED** as to Defendant Zamora.[36]

Defendants' Motion to Dismiss for Qualified Immunity from George Hansard's § 1983 claim be **GRANTED** as to the School Board Defendants.[37]

Defendants' Motion to Dismiss for Qualified Immunity from Stacy Hansard's § 1983 claim be **GRANTED** as to the School Board Defendants and Defendant Zamora.[38]

Defendants' Motion to Dismiss the Hansards' § 1983 Civil Conspiracy claim be **DENIED**.[39]

---

[33] *See e.g. Livingston v. Ward,* No. 420CV00474SDJCAN, 2021 WL 3480007, at *4 n.7 (E.D. Tex. June 4, 2021), *report and recommendation adopted,* No. 4:20-CV-474, 2021 WL 3471205 (E.D. Tex. Aug. 5, 2021).
[34] ECF No. 17.
[35] ECF No 9.
[36] *Id.*
[37] *Id.*
[38] *Id.*

Defendant's Motion to Dismiss as to the Hansards' State-Law Claims under the Texas Education Act be **GRANTED IN PART** and **DENIED IN PART**.[40]

Defendants' Motion to Dismiss as to the Hansards' Defamation claim against the School Board Defendants be **GRANTED**.[41]

Defendants' Motion to Dismiss as to Stacy Hansards' Intentional Infliction of Emotional Distress claim against Defendants be **GRANTED**.[42]

Defendants' Motion to Dismiss as to the Hansards' State Conspiracy claim be **GRANTED**.[43]

Defendants are **ORDERED** to timely file an answer according to the Federal Rules of Civil Procedure.

It is so **ORDERED**.

SIGNED this 19th day of September, 2024.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.*

10