IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

GEORGE HANSARD and STACY     §
HANSARD,     §
         *Plaintiffs,*     §
    §
**v.**     §         **PE:23-CV-00041-DC-DF**
    §
GABRIEL ZAMORA, et al.,     §
         *Defendants.*     §

## ORDER DENYING MOTION FOR LEAVE

BEFORE THE COURT is Defendants' Motion for Leave to Amend Their Answer ("Motion"). (Doc. 69). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Defendants' Motion is **DENIED**. (Doc. 69).

### BACKGROUND

Plaintiffs George and Stacy Hansard (collectively "the Hansards") live in Fort Stockton, Texas. (Doc. 7 at 2). George Hansard is president of the Pecos County State Bank and Stacy Hansard, his wife, works as a special needs aide for the Fort Stockton Independent School District ("FSISD"). *Id.* at 9, 15. Defendants are current and former members of the FSISD's School Board. *Id.* at 3. The Hansards allege Defendant Gabriel Zamora ("Zamora") and the other members of the FSISD's School Board (collectively "Defendants") launched a retaliation campaign in response to their speech at FSISD Board meetings and attempted to get Plaintiff George Hansard fired. *Id.* at 3–4. At the Board meetings, George Hansard publicly accused Defendants of misappropriating

funds and engaging in self-dealing with Defendant Andy Rivera, one of the Board members. *Id.* at 6.

Defendants' Motion requests leave to file an amended answer. (Doc. 69). Defendants claim new information has emerged, clarifying the availability of qualified privilege as an affirmative defense to George Hansard's defamation claim. (Doc. 74 at 2). Defendants also seek to add a request for attorney's fees to their answer. (Doc. 69 at 5). This Court previously set a deadline of July 29, 2025, for the Parties to amend their pleadings. (Text Order, May 6, 2025). Defendants filed the instant Motion five months after this deadline passed, on December 31, 2025. (Doc. 69). The Hansards filed their Response on January 5, 2026, and Defendants timely filed a Reply on January 12. (Docs. 72, 74). This matter is thus ripe for adjudication.

## LEGAL STANDARD

Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) (unpublished). Rule 15 governs the amendment of pleadings before the deadline to amend pleadings passes. *Id.* (citations omitted). Afterwards, the party must first meet the more stringent requirements of Federal Rule of Civil Procedure 16(b) before the Court can apply the liberal Rule 15 standard. *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 561 (W.D. Tex. 2012). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent. *Id.* (quoting FED. R. CIV. P. 16(b)).

## DISCUSSION

Defendants seek leave to amend their Answer to (1) raise qualified privilege as a defense to the defamation claim brought against Zamora and (2) add a request for attorney's fees. (Doc. 69). The Court finds that Defendants failed to meet their burden of establishing good cause under Rule 16(b) to modify the Scheduling Order and amend their Answer.

In their Motion, Defendants cite Rule 15 as governing whether leave should be granted. (Doc. 69 at 2). But "[w]hen a party seeks to file an amended pleading after the scheduling order deadline for such amendments has passed, the party must first meet the more stringent requirements of Federal Rule of Civil Procedure 16(b) before the Court can apply the liberal Rule 15 standard." *Anzures*, 886 F. Supp. 2d at 561 (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). The scheduling order deadline passed on July 29, 2025, so the Court will first analyze whether Defendants meet the requirements for leave under Rule 16(b).[1] (Text Order, May 6, 2025).

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). Courts analyze whether there is good cause by considering: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Filgueira v.*

---

1. For the first time in their Reply, Defendants acknowledge that Rule 16(b) applies. (Doc. 74 at 2).

*U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (unpublished) (citing *E.E.O.C.* v. *Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)). The Court addresses each factor in turn.

### I.      Explanation for Untimeliness

Defendants provided no explanation in their Motion for their untimeliness.[2] (Doc. 69). "When a party files an untimely motion for leave to amend and does not provide an explanation containing good cause to amend, the Court can deny the motion for that reason alone." *Anzures*, 886 F. Supp. 2d at 566–67 (collecting cases). Defendants eventually provided a short[3] argument as to this factor and Rule 16(b) good cause in their Reply. (Doc. 74 at 2).

In this Circuit, however, the general rule is "to refuse to consider arguments raised for the first time in reply briefs."[4] *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (unpublished) (citations omitted); *Flores v. Garland*, 72 F.4th 85, 92 (5th Cir. 2023) ("Because this argument is fleshed out for the first time in reply, [the movant] forfeited it."). Reply briefs are "generally limited to addressing matters

---

2. Courts have characterized this factor as the most important. *Garcia v. Hays Cnty. Sheriff's Off.*, No. 23-CV-1217, 2025 WL 1843136, at *2 (W.D. Tex. Apr. 25, 2025) (citing *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 15-CV-1455, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017)).

3. In their Reply, Defendants argument as to good cause takes up fewer than two pages. (Doc. 74 at 2–3); *see Strong v. Paradise*, No. 23-CV-2847, 2025 WL 2664242, at *2 (N.D. Tex. Sept. 17, 2025) (finding the movant's argument on Rule 16(b) good cause and the four factors "wholly inadequate" because the movant's "mere two pages of argument on good cause lacks sufficient explanation as to each of the four good cause factors . . . .").

4. Although it does not affect the outcome here, the Court notes that this is also not the first time Defendants have waived an argument by failing to include it in their motion. *See* (Doc. 25 at 6) ("The Court observes, however, that Defendants did not raise this doctrine in their motion to dismiss briefing. Defendants' argument is therefore waived because it has been raised for the first time in Defendants' objections to the report and recommendation.").

4

presented in a motion and response." *HWY 67 Dealership JV v. Depositors Ins. Co.*, No. 22-CV-784, 2024 WL 5166651, at *2 (N.D. Tex. Mar. 15, 2024) (citation and internal quotations omitted). Otherwise, "the responding party is deprived of the opportunity to respond to the new argument." *Id.* (citations and internal quotations omitted). The Court sees no reason to make an exception here, and thus this factor weighs heavily in favor of denying leave. *S&W*, 315 F.3d at 537 (finding the explanation for the untimeliness factor weighed in favor of denying leave because the movant "offer[ed] effectively no explanation").

Even if this Court were to consider the explanation offered in Defendants' Reply, it would not move the needle. Defendants claim they "did not know of the qualified privilege defense" when they filed their Answer and that its applicability was only recently made apparent from Zamora's deposition. (Doc. 74 at 2–3). Qualified privilege is an affirmative defense that may apply if the speaker was reporting a crime to the police. *Smith v. Wal-Mart Stores, Inc.*, 980 F.3d 1060, 1063 (5th Cir. 2020) (citations omitted). Defendants argue that in Zamora's deposition, he "revealed that he was motivated to report his concerns about Plaintiff George Hansard's behavior based on the Uvalde tragedy and felt it was his 'duty' to report these concerns to law enforcement." (Doc. 74 at 2).

Under Rule 16(b), an explanation for untimeliness fails and "[l]eave is improper when the facts necessary to amend the pleadings were available prior to the deadline." *Joe Hand Promotions v. Seay*, No. 17-CV-310, 2018 WL 7286494, at *3 (W.D. Tex. Sept. 26, 2018), *R. & R. adopted*, 2018 WL 7286495 (W.D. Tex. Oct. 16, 2018). To accept

Defendants' contention that Zamora's deposition revealed new information, the Court would have to make several assumptions. The Court would first have to assume Zamora and his counsel were not—in the more than two years this case has been active—able to discuss the motivation behind his statements about Plaintiff George Hansard and the connection they had to law enforcement. Such a scenario seems unlikely.

Second, the Court would have to look past the fact that the email concerning George Hansard was sent to multiple police officers, which is a fact that has long been apparent from both the Hansards' Amended Complaint and from the disputed email itself. (Doc. 7 at 9) ("The November 8, 2022 email was also sent to the Pecos County Sheriff [and other police officers] . . . apparently to encourage them to commence a criminal investigation against Plaintiffs as a follow up to a previously filed police report."). And thus, even if the Court were to consider Defendants' explanation for failing to timely move for leave, it is insufficient. The facts they are claiming to be new have long been available to them. *See Cole v. Sandel Med. Indus.*, 413 F. App'x 683, 689 (5th Cir. 2011) (unpublished) (affirming district court's denial of leave to amend after the deadline to amend pleadings expired because the movant had the facts necessary to raise additional claims before the expiration of the deadline); *Strong*, 2025 WL 2664242, at *4 (denying leave to amend because "it appear[ed] to the Court that [the movant] learned nothing new in the . . . deposition. . . .").

Before turning to the second factor, the Court also notes that Defendants did not attach a copy of their Amended Answer to their Motion.[5] Under Local Rule 7(b), "[w]hen a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave." Like Defendants' lack of explanation for not timely moving for leave, their "failure to provide and attach a proposed amended pleading alone would be sufficient reason to deny the motion for leave to amend." *Greer v. Fowler*, No. 19-CV-1017, 2022 WL 394762, at *7 (N.D. Tex. Feb. 8, 2022) (citations omitted); *Roberts v. Uber Techs., Inc.*, No. 23-CV-00545, 2023 WL 11833598, at *1 (W.D. Tex. Aug. 8, 2023) (denying motion for leave because the plaintiff did not attach the proposed amended pleading). Even so, Defendants are correct that this deficiency is not necessarily fatal, so the Court will continue in its analysis. (Doc. 74 at 5).

## II.    Importance of the Amendment

Moving to the second factor, Defendants also failed to "argue that the proposed amendments are important" in their Motion, and thus this factor weighs in favor of denying leave. *Garcia*, 2025 WL 1843136, at *2. Defendants specified that they seek to add an affirmative defense and a request for attorney's fees without providing any argument as to why such amendments would be important, instead leaving it up to the Court to speculate. (Doc. 69 at 3–6). But because Defendants "failed to attach proposed amendments to" their Motion "requesting leave to amend, it is difficult to determine the importance of any amendment . . . ." *Filgueira*, 734 F.3d at 423.

---

5. Defendants eventually attached a copy to their Reply. (Doc. 74-1).

Even if the Court were to once again consider Defendants' argument and proposed pleading despite it appearing for the first time in their Reply, they are unpersuasive. Defendants are correct that courts have found amendments are important if they provide additional grounds to avoid liability and that this rationale would apply to Defendants raising a qualified immunity defense. *Pruneda v. Bexar County*, No. 22-CV-104, 2024 WL 3934209, at *5 (W.D. Tex. July 29, 2024). But the asserted importance of amendments has been found to be weakened if the movant had access to the "new" information prior to the expiration of the deadline to amend pleadings. *Strong*, 2025 WL 2664242, at *5 (acknowledging amendments were "arguably important" but finding importance factor weighed in favor of denying leave because the movant had long possessed the information necessary to amend). As discussed, Defendants have long known that Zamora communicated his concerns to law enforcement. If asserting qualified privilege was crucial, they would have acted on this information and asserted the defense in a timely fashion. The Court therefore finds this factor weighs in favor of denying leave or is at least neutral.

### III.    Potential Prejudice and Availability of Continuance

The Court moves next to the third and fourth factors for good cause. Beginning with the prejudice factor, it is difficult to see how a request for attorney's fees would prejudice the Hansards. *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240 (5th Cir. 1984) (finding "the absence of prejudice is manifest and the district court would have abused

its discretion[6] if it refused [movant] . . . leave to amend its pleadings to seek an award of attorneys' fees"). Defendants' request to raise qualified immunity, however, makes this a more difficult question.

The Hansards argue they would be prejudiced because they have already conducted most of their depositions and discovery. (Doc. 72 at 5–7). The Hansards assert they would have tailored their discovery to address this defense if they had known Defendants intended to raise it. *Id.* Defendants point to cases in which courts have allowed for late assertions of qualified privilege and affirmative defenses to argue the Hansards would not be prejudiced by granting leave. (Doc. 69 at 3–4). Although both sides raise compelling arguments, the Court finds the Hansards' more persuasive.

The cases Defendants cite involving the late assertions of affirmative defenses each differ from the facts here. *Pasco ex rel. Pasco v. Knoblauch*, for example, is distinguishable in that the defendants there raised qualified privilege "two months before discovery was due . . . ." 566 F.3d 572, 578 (5th Cir. 2009). Here, Defendants attempted to assert qualified privilege the same day discovery was due, giving the Hansards no opportunity to conduct targeted discovery. (Docs. 43, 69). In *Lafreniere Park Foundation v. Broussard*, also cited by Defendants, it is unclear whether the defendants raised their res judicata affirmative defense before or after the discovery deadline. 221

---

6. Although the Fifth Circuit in *Engel* stated in dicta that it would have been an abuse of discretion to not allow an amendment adding the request for attorney's fees, it did so under Rule 15. 732 F.2d at 1242 ("[T]he district court might proceed alternatively under FED. R. CIV. P. 15, treating the prevailing party's application for relief as a motion to amend the pleadings."). The Fifth Circuit has since "ma[de] clear that Rule 16(b) governs amendments of pleadings after a scheduling order deadline has expired." *S&W*, 315 F.3d at 536 n.4 ("[W]e conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary.").

F.3d 804 (5th Cir. 2000). Even without that information, the case is distinguishable[7] in that the movants raised the defense a year after the case was filed. *Id.* at 807. Here, Defendants waited over a year longer to raise qualified privilege, as this case was originally filed in October 2023, and has been pending for over two years. (Doc. 1).

Finally, the Court finds a continuance would be inappropriate here. Neither Defendants' Motion nor their Reply includes an argument to the contrary. (Docs. 69, 74). The Court has already allowed multiple deadline extensions in this case. (Text Order, May 6, 2025); (Docs. 36, 43).

Putting all the Rule 16 factors together, the Court finds Defendants failed to meet their burden of establishing good cause to modify the Scheduling Order and that granting leave to amend would be improper. Defendants largely failed to advance arguments as to good cause in their Motion, such as why they were untimely in requesting leave. (Doc. 69). Moreover, Defendants' amendments appear to be based on information that has long been available to them. *RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 695 (S.D. Tex. 2009) (internal quotations and citation omitted) ("[T]he court may deny the motion [for leave to amend] if the movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [pleading].").

The Court does not reach the questions of whether Defendants may raise qualified immunity or request attorney's fees later in the litigation. The Court notes that

---

7. The Court also based its ruling on the fact that the non-movant "sought to defeat the res judicata defense on the merits" and that therefore "res judicata was tried with the express or implied consent of the parties . . . ." *Lafreniere*, 221 F.3d at 808. Not so here, as the Hansards fight the inclusion of the affirmative defense entirely and have not attempted to argue against it on the merits.

parties have been able to request attorney's fees at much later stages. *Engel*, 732 F.2d at 1242 (allowing the defendants to request attorney's fees for the first time well after the trial court issued its final judgment). And if Defendants had sought only to amend their pleadings to add a request for attorney fees, perhaps there would have been a different result here. *See id.* (finding the lower court would have abused its discretion if it refused to let defendants amend their pleadings after final judgment to seek attorney's fees). But unlike in *Engel*, Defendants proposed amendments involve more than just attorney's fees and the Court finds Defendants have not met their burden of demonstrating good cause for such amendments under Rule 16(b).[8]

CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Amend Their Answer is **DENIED WITHOUT PREJUDICE**. (Doc. 69).

It is so **ORDERED**.

SIGNED this 10th day of February, 2026.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

8. Because the Court finds Defendants do not satisfy the requirements of Rule 16(b), it need not reach the question of whether leave would be proper under Rule 15. *Strong*, 2025 WL 2664242, at *5 (citation omitted) ("Because Plaintiff does not remonstrate good cause under Rule 16, the Court need not address whether the amendment would be allowed pursuant to the more lenient standard of Rule 15(a)."); *S&W*, 315 F.3d at 536 n.4.