IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

|  |  |  |
|---|---|---|
| **GEORGE HANSARD, STACY HANSARD,** | § | |
| *Plaintiffs* | § | **P:23-CV-00041-DC** |
| | § | |
| **v.** | § | |
| | § | |
| **GABRIEL ZAMORA, SUED IN HIS INDIVIDUAL CAPACITY ONLY; BILLY ESPINO, SUED IN HIS INDIVIDUAL CAPACITY ONLY; FREDDIE MARTINEZ, SUED IN HIS INDIVIDUAL CAPACITY ONLY; ANASTACIO NACHO DOMINGUEZ, SUED IN HIS INDIVIDUAL CAPACITY ONLY; FLO GARCIAIII, SUED IN HIS INDIVIDUAL CAPACITY ONLY; SANDRA RIVERA, SUED IN HIS INDIVIDUAL CAPACITY ONLY; URSULA SANCHEZ, SUED IN HIS INDIVIDUAL CAPACITY ONLY; AND ANDY RIVERA, SUED IN HIS INDIVIDUAL CAPACITY ONLY;** | § | |
| *Defendants* | | |

## <u>ORDER</u>

BEFORE THE COURT is the report and recommendation ("R&R") from U.S. Magistrate Judge David B. Fannin concerning Defendants' Motion to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his report and

---

[1] Doc. 48.

recommendation on November 19, 2025.[2] Objections to the R&R were filed December 3, 2025.[3]

Having considered the objections, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Defendants' objections. Accordingly, the R&R is **ADOPTED IN PART** and **REJECTED IN PART**.

<u>**LEGAL STANDARD**</u>

Title 28, United States Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

Defendants filed objections to the Magistrate Judge's legal conclusions concerning the applicability of the intercorporate conspiracy doctrine to 42 U.S.C. § 1983 claims in general and as it applies to the present case. The Court reviews these issues *de novo*.

<u>**ANALYSIS**</u>

I. **Application of the Intracorporate Conspiracy Doctrine to 42 U.S.C. § 1983 claims**

Defendants, through their motion to dismiss, raise the intracorporate conspiracy doctrine ("the Doctrine") as a defense to Plaintiff's conspiracy claim under 42 U.S.C. § 1983. As noted in the R&R, this defense is premised on the long-standing principle that "a

---

[2] Doc. 62.

[3] Doc. 63.

[4] Fed. R. Civ. P. 72 advisory committee's note.

corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."[5]

Originally confined to anti-trust law, the Fifth Circuit used its decision in *Hilliard v. Ferguson* to expand the Doctrine to a broader category of civil conspiracies. Specifically, in a case against a school board, the Fifth Circuit reasoned that the agency principles applied in the anti-trust context which originally gave rise to the Doctrine were as much at issue in civil conspiracies arising under 42 U.S.C. § 1985(3), and thus the defense should be available there too.[6] Going one step further, *Hilliard* made this defense available to members of school boards because, like corporations, the acts of the school board members are the acts of the board itself.[7] Therefore, "a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for the purposes of § 1985(3)."[8]

However, the question before the Court is whether this defense is also available in conspiracy claims arising under 42 U.S.C. § 1983.

The answer to this question is found in the substantial overlap between claims under section 1985(3) and section 1983. Title 42, United States Code, Section 1985(3) provides a cause of action when "two or more persons in any state or territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."[9] Courts interpret this statute as requiring plaintiffs to allege:

---

[5] *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] 42 U.S. § 1985(3).

(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.[10]

Meanwhile, 42 U.S.C. § 1983 creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[11] Similar to section 1985(3), a plaintiff can allege a conspiracy claim under section 1983, thus creating a significant amount of overlap between the two statutes. However, such claims are distinct from section 1985(3) conspiracies in one respect: claims under section 1983 must establish an actual deprivation of civil rights in furtherance of the conspiracy in addition to establishing that a conspiracy exists.[12] The overlap between the two statutes has been noted by the Fifth Circuit, finding that if a plaintiff were deprived of any rights, privileges, or immunities secured by the Constitution and laws, the "gist of the [section 1985(3) claim] may be treated as one for the deprivation of such rights under the broader civil rights statute."[13] Stated differently, any claim under section 1985(3) against a state actor can be brought under section 1983 provided

---

[10] *Hilliard*, 30 F.3d at 652–53.
[11] 42 U.S.C. § 1983.
[12] *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).
[13] *Lewis v. Brautigam*, 227 F.2d 124, 128 (5th Cir. 1955).

the plaintiff can prove the additional requirement that his rights were violated in furtherance of the conspiracy.

Acknowledging this overlap, the Court sees no reason why the Doctrine should not apply in conspiracy cases involving claims under section 1983 just as it would under section 1985(3). Moreover, if the Doctrine is an offspring of traditional agency principles, and conspiracies under section 1983 are asserted "on more or less traditional principles of agency, partnership, [and] joint venture," it would be contrary to logic to find otherwise. Furthermore, a contrary finding would ensure that claims which would otherwise be dismissed under section 1985(3) would progress under section 1983, defeating the purpose of extending the Doctrine to section 1985(3) in the first place.

As such, the Court follows suit with its sister courts in finding that the intracorporate conspiracy doctrine applies to conspiracy claims brought under 42 U.S.C. § 1983.[14] Therefore, school boards sued under section 1983 may assert this defense. The Court further finds that since both official and individual capacity suits under section 1983 relate back to the official actions of an individual under color of law, the doctrine applies in both contexts.

For these reasons, the Court **SUSTAINS** Defendants' objections and **REJECTS** these portions of the R&R.

---

[14] *See Ezell v. Wells*, No. 2:15-CV-00083-J, 2015 WL 4191751 at *18 (N.D. Tex. July 10, 2015); *see also Altom v. City of Huntsville, Texas*, No. 4:10-CV-01914, 2010 WL 4639075 at *2 (S.D. Tex. Nov. 8, 2010); *see also Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997), *aff'd*, 158 F.3d 583 (5th Cir. 1998); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 462 F. Supp. 3d 674, 691 (W.D. Tex. 2020), *aff'd*, 9 F.4th 328 (5th Cir. 2021).

## II.    The Personal Purpose Exception

The R&R also found that, in the event it does apply to section 1983 claims generally, the Doctrine does not shield the Defendants in the present case because the personal purpose exception applies. Defense objects to this finding as well.

An exception to the Doctrine exists where "corporate employees act for their own personal purposes."[15] This exception is implicit within the Doctrine because when members of a corporation are acting for their own personal purpose they are not acting as agents of the corporation and can therefore conspire amongst themselves.[16] Having reviewed the pleadings *de novo*, the Court agrees with the R&R over the objections. The Court finds that Plaintiff has sufficiently established that the actions of the Defendants were motivated by personal animus and acted for their own personal purposes. As such, the Court finds that the Doctrine cannot be used by the Defendants as a shield to liability in this case.

The Court **OVERRULES** the objections and **ADOPTS** this portion of the R&R.

## CONCLUSION

Despite finding that the intracorporate conspiracy doctrine is generally available to school board members sued under 42 U.S.C. § 1983, it is not applicable in the present case. For these reasons, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Defendants' objections.[17] It is **ORDERED** the report and recommendation of the U.S.

---

[15] *Benningfield v. City of Houston*, 157 F.3d 369, 379 (5th Cir. 1998).

[16] *ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 81 (S.D. Tex. 2007).

[17] Doc. 63.

Magistrate Judge[18] is **ADOPTS IN PART** and **REJECTS IN PART**. Pursuant to this ruling, Defendants' motion to dismiss is **DENIED**.[19]

It is so **ORDERED**.

SIGNED this 3rd day of March, 2026.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[18] Doc. 62.

[19] Doc. 48.